Mr. Justice Day
delivered the opinion of the Court.
Mr. Buchler:
You stand before the bar of this court adjudged guilty of usurping the office of police magistrate of Greenwood Village, Colorado, without authority or right, having neither been appointed to nor elected to such office.
Your conviction and the judgment imposing a fine of *367 $200 against you on the charge was entered upon your plea of guilty in the district court of Arapahoe County on December 13, 1965. In disciplinary proceedings instituted in this court soon after the return of a Grand Jury indictment against you, hearings were subsequently held by the Grievance Committee of the Supreme Court.
The evidence before our committee, not contradicted in any material manner, disclosed that for a number of years citizens ticketed by the police of Greenwood Villege appeared before you, were arraigned, entered pleas and paid fines and costs in the belief they were in a Greenwood Village court, before a duly authorized judge. The facts developed at the hearing disclosed that you were the city attorney, did not take an oath of office as a judge, and were not in law the legal town magistrate.
Policies worked out in town council and other meetings between you as city attorney and other village officials and police officers established a pattern which was much the same in each case. The evidence reveals that in conference or conferences participated in by you and other officials it was determined as a set policy that any person suspected of operating a motor vehicle while under the influence of intoxicating liquor within the city limits of Greenwood Village would not be so charged. Instead, the police officers were instructed to stop the suspected violator and to invite him to leave his vehicle. Having thus complied and being on foot in the streets of Greenwood Village, the driver was charged by the officer with being drunk in a public place.
This handling of the suspected violator was deliberately calculated as a revenue raising measure for the town, it being understood by all concerned that if a state charge were made it would result in fines, if any, being payable to the state and county entities, and thus no revenue would go to Greenwood Village. Protests to you by those subjected to this kind of treatment in so-called hearings in your office, where you posed as police magistrate, were met with threats that charges would be filed *368 in the state court, which you knew would not be done.
You further suggested to persons before you that the charge of being drunk in a public place would be less severe and cause less inconvenience than conviction of driving while under the influence of intoxicating .iquor which also would result in revocation of their drivers license. Pleas of guilty were thus obtained on which substantial fines and costs were imposed. Several complainants testified as to the circumstances under which guilty pleas were obtained from them when they appeared in your law office pursuant to traffic citations issued by Village police. If any one insisted upon entering a piea of not guilty and demanded a trial, he was told he would have to post bond of twice the amount of the fine. If one still protested his innocence, persisted in his plea of not guilty and demanded trial, his case was continued, shunted aside and forgotten, and eventually dismissed.
It is significant that this practice prevailed in Greenwood Village for four years and that not a single trial on any day was ever held. The so-called guilty pleas obtained from these persons over whom you had no judicial jurisdiction either as to the person or the charge resulted in the imposition of fines and costs which in four years totaled in excess of $88,000, $64,000 of this amount went to the Village of Greenwood, and you retained as fees for your work on these same cases the sum of $24,906. In some instances cars were impounded, so, in addition to the fines and costs, towing fees and storage charges were imposed. In the years involved, the moneys exacted for the benefit of the Village exceeded by more than double the ad valorem taxes levied for the municipal budget in Greenwood Village.
The Supreme Court Grievance Committee found, and we concur in that finding, that your conduct violated the highest standard of honesty, justice and morality. It was recommended by the committee that you receive a public censure, to which we have agreed because we find in *369 the record mitigating factors which prompt such a disposition of this disciplinary proceeding.
You have been a member of the bar of this state for twenty years, during which time, so far as the records of this court are concerned, you enjoyed a good reputation. We find that you were motivated by a sincere desire to advance the best interests of Greenwood Village, in the civic affairs of which you took a genuine interest and pride. You participated in the original organization of the town and were an assistant to the original town attorney. You did make an effort to find some one to act as police magistrate and undertook to handle these matters originally as a stop-gap measure. It appears that with the passage of time the procedure was running smoothly and that since the town officials agreed that they would not require you to try any contested cases, you continued on in what you satisfied yourself to be a de facto office though not de jure.
You did not act alone in this matter, but acted in concert with other city officials including other men who were either substantial business men or prominent attorneys in the community, and the practice persisted for so many years without serious difficulties or substantial public criticism or protest so that eventually all were lulled into a feeling that the procedure being used was acceptable. You were bonded as a police magistrate and made prompt and accurate accounting of moneys collected by you so that your conduct was straightforward and aboveboard even though ill-advised.
You informed our committee that on reflection you determined that you were wrong, but at the time you did not sincerely believe that you were. You stated that you felt you had already received considerable punishment in the publicity resulting from the Grand Jury indictment and in the fine imposed upon you.
It is in consideration of the foregoing that we have, therefore, decided to adopt the recommendations of the committee. In keeping with that recommendation we *370 do hereby publicly censure you for your conduct and tell you in the strongest terms of our disapproval of your conduct, which we hold not in keeping with the highest standards of honesty, justice and morality required of members of the bar of Colorado. In the oath subscribed upon admission to practice in this state, an attorney swears to maintain respect for the courts and judicial officers. Simulated judicial process does not engender respect for the judiciary.
This censure, of course, is a public record against your name on the rolls of attorneys in this state. Should you ever again be before this court on charges of unprofessional conduct, this matter can be taken into consideration so that any further derelictions by you or deviations from strict ethical conduct could result in your being dealt with more severely.
You are assessed the sum of $570.30, the costs incurred in the investigation and hearings conducted by our committee. It is the order of the court that this sum be paid by you into the office of the Clerk of the Supreme Court within 60 days from the date hereof.
Mr. Justice McWilliams not participating.